

FILED

2021 Aug-13  PM 02:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **ALLSTATE VEHICLE AND** ) | |
| **PROPERTY INSURANCE COMPANY,** ) | |
| **As subrogee of Jeremiah Patterson,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO.:** |
| ) | |
| **RICK CHAMBERS d/b/a R/C HOBBIES** ) | |
| **and GREPOW, INC.,** ) | |
| ) | **JURY DEMAND** |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff, Allstate VEHICLE AND PROPERTY INSURANCE COMPANY (hereafter, "Allstate"), as subrogee of Jeremiah Pattterson, by and through the undersigned, complains of Defendants, RICK CHAMBERS d/b/a R/C HOBBIES (hereafter, "R/C") and GREPOW, INC. (hereafter, "GREPOW") (collectively referred to as "Defendants"), and for its Complaint, states the following:

## THE PARTIES

1.      Allstate, is an Illinois corporation, and at all times herein mentioned was, duly authorized to transact and conduct business in the State of Alabama, with a principal place of business at 2775 Sanders Road, Northbrook, Illinois 60062.

2.　　　Allstate, at all pertinent times herein, was the insurer for Jeremiah Patterson (hereinafter "Patterson").

3.　　　Upon information and belief, R/C is a fictitious name for the sole proprietorship owned and operated by Rick Chambers, with its principal place of business at 3303 Meridian Street North, Huntsville, Alabama and is licensed to do business within the state of Alabama. Rick Chambers is a citizen and resident of the State of Alabama.

4.　　　Upon information and belief, R/C is designs, distributes, sells, tests, and inspects various consumer goods, including but not limited to remote control vehicles and their accessories.

5.　　　Upon information and belief, GREPOW'S is a California corporation with its principal place of business at 6681 Sierra Lane, Suite F, Dublin, California and is an entity authorized and licensed to do business within the State of Alabama.

6.　　　Upon information and belief, GREPOW designs, manufactures, tests, inspects, distributes and sells various consumer products, including lithium-ion batteries for use in remote control vehicles.

7.　　　Allstate is informed and believes, and on the basis of that information and belief, alleges, at all appropriate times in this Complaint, Defendants, and each of them, were the agents and/or employees of their co-Defendants, and in doing the things alleged in this Complaint, were acting within the course and scope of that

agency and/or employment.

## JURISDICTION

8.      An actual controversy of a justiciable nature exists between Allstate and the Defendants. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship among Allstate and Defendants R/C and GREPOW, and the amount in controversy exceeds $75,000.00.

9.      This Court has personal jurisdiction over R/C as its principal places of business are located within this judicial district, and Rick Chambers is a citizen of the State of Alabama and resides within this judicial district.

10.     This court has personal jurisdiction over GREPOW as it knowingly distributes products to the State of Alabama for purchase by consumers in Alabama, purposefully availing itself to the laws of Alabama.

## VENUE

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as Defendants are subject to personal jurisdiction in this judicial district, and because a substantial part of the events and activities giving rise to Allstate's claims occurred in this judicial district.

## COMMON ALLEGATIONS

12.     At all times relevant, Allstate's insured owned the home located at 218 Bingham Street, Scottsboro, Alabama (hereinafter "Patterson home").

13.     On August 13, 2019, a fire occurred at the Patterson Home.

14.     Upon information and belief, the fire originated within the internal working of a lithium-ion battery in a battery charger.

15.     Upon information and belief, the lithium-ion battery internally failed.

16.     Based upon information and belief, Patterson purchased a lithium-ion battery, battery charger and remote-control vehicle, as well as other accessories, from R/C on December 17, 2018.

17.     Upon information and belief, the subject lithium-ion battery and charger were compatible and used with the remote-control vehicle.

18.     From the date of purchase until August 13, 2018, the Patterson family used the remote-control vehicle, battery charger and lithium-ion battery for its normal and intended purpose of providing remote entertainment.

19.     Allstate is informed and believes, and thereon alleges, that R/C and GREENPOW and each of them, are responsible for the lithium-ion battery spontaneously igniting and causing the fire that damaged the Patterson home.

20.     Pursuant to Patterson's policy of insurance with Allstate, Patterson made claims seeking indemnification and reimbursement for damages resulting from the fire at the Patterson home.  Accordingly, Allstate was required to and did pay Patterson an amount in excess of $357,729.33.

21.     In consideration of said payments, and in equity, Allstate became a

bona fide subrogee of Patterson and is subrogated to all rights, claims, and interests that he may have against any person or entity responsible for this occurrence and resulting damage.

## FIRST CAUSE OF ACTION
### (Strict Product Liability/Liability under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) against R/C)

22.     Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

23.     Upon information and belief, R/C was engaged, in the business of designing, testing, inspecting, assembling, manufacturing and distributing the subject lithium-ion battery and battery charger and distributed and placed them into the stream of commerce, including but not limited to the items purchased by Patterson on December 17, 2018.

24.     The subject lithium-ion battery, which was designed, manufactured, sold and/or distributed into the stream of commerce by R/C Hobbies, was not modified, changed altered or abused by the Patterson family or other users at said property prior to or during its use.

25.     R/C knew and intended the lithium-ion battery would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said lithium-ion battery would be utilized.

26.     R/C designed, tested, inspected, manufactured, sold and/or distributed into the stream of commerce the subject lithium-ion battery, including its component parts, in a dangerous defective condition, which catastrophically failed due to a defect.

27.     R/C designed, tested, inspected, manufactured, sold and/or distributed into the stream of commerce the subject lithium-ion battery in a defective condition, unreasonably dangerous to Patterson and his property.

28.     R/C knew, or should have known, the subject lithium-ion battery would, and did, reach the Patterson family without substantial change in the condition in which it was originally selected and sold.

29.     The subject lithium-ion battery was not materially altered in anyway, which would affect the dangerous conditions caused and created by R/C.

30.     The subject lithium-ion battery was unreasonably dangerous and defective at the time it left the control of R/C because it was:

(a)     The lithium-ion battery and/or its component parts were defective in their design in that the lithium-ion battery did not perform safely, and in fact catastrophically failed;

(b)     The lithium-ion battery was defectively designed because the risks of significant fire damage to consumers' properties far outweigh any potential benefits derived from the lithium-ion battery design;

(c)     The lithium-ion battery was defectively designed because they were unsafe to an extent beyond that which would be contemplated by an ordinary user;

(d) The lithium-ion battery and/or its component parts contained manufacturing defects in that the lithium-ion battery differed from the manufacturer's design or specifications or from typical units of the same product line;

(e) The lithium-ion battery failed to adequately warn consumers of possible hazards;

(f) The lithium-ion battery lacked proper instructions and warnings as to its use and dangers;

(g) The lithium-ion battery and/or their component parts were designed, manufactured, and/or assembled without proper testing;

(h) The lithium-ion battery was defective in that it caught fire for no apparent reason during its normal use;

(i) The lithium-ion battery was improperly manufactured in such a way as to improperly regulate current traveling through lithium ion battery cells;

(j) The lithium-ion battery was designed, manufactured and assembled with improper materials and improper electrical components;

(k) The lithium-ion battery was improperly designed and manufactured so as to be unable to regulate the battery cells conditions; and/or

(l) Was otherwise unreasonable dangerous.

31.     The aforementioned defects or defective conditions existed at the time the subject Lithium-ion battery left the possession and/or control of R/C.

32.     The defective, unreasonably dangerous and unsafe condition of the subject Lithium-ion battery as aforesaid was a direct and proximate cause of the damages sustained by Plaintiff.

33.     For these reasons, R/C  is strictly liable to Plaintiff and liable under the AEMLD.

34.     As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the subject lithium-ion battery ignited, damaging the Patterson real and personal property and the imposition of additional hardship besides, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses.

**WHEREFORE**, Plaintiff, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, as subrogee of Jeremiah Patterson, respectfully request that judgment be entered in their favor and against Defendant, RICK CHAMBERS d/b/a R/C HOBBIES, plus interest, delay damages, punitive damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## SECOND CAUSE OF ACTION
### (Negligence versus R/C)

35.     Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

36.     At all times material hereto, R/C had a duty to exercise reasonable care in the design, manufacture, testing, inspection and distribution of the subject lithium-ion battery and breached said duty.

37.     R/C breached its duty of care by, among other things, negligently, carelessly and recklessly designing, manufacturing, testing, inspecting and distributing the subject lithium-ion battery with indifference to the rights of others.

38.     The subject lithium-ion battery contained a battery which ignited while being used in the normal and ordinary purpose of the product, including charging and remote entertainment power.

39.     The ignition caused by the battery subsequently caused damage to the insured's real and personal property.

40.     At all material times, R/C was under a duty to use reasonable care in its distribution and/or sale of products at its store, such as the lithium-ion battery, to avoid exposing Patterson to a foreseeable risk of harm.

41.     R/C knew, or should have known, the lithium-ion battery sold and/or distributed were defective and/or unreasonably dangerous, posing a substantial and unjustifiable risk of fire, and that the lithium-ion batteries utilized in the remote-control vehicles were poorly manufactured and designed, and posed a substantial and unjustifiable risk of fire.

42.     At all relevant times, R/C breached its duty by one or more of the

following acts or omissions:

    (a)    Failing to distribute, sell and/or otherwise place into the stream of commerce properly functioning lithium-ion batteries;

    (b)    Failing to test, inspect, and examine the lithium-ion batteries to ensure they were in working condition prior to sale and/or distribution;

    (c)    Failing to distribute and/or sell the lithium-ion batteries in a safe and working manner so as to avoid the risk of fire;

    (d)    Placing the lithium-ion batteries into the stream of commerce when Defendant knew, or should have known, that they contained defective lithium-ion battery cells, rendering them unsafe for their ordinary and expected use;

    (e)    Selling, distributing and/or conveying a defective product;

    (f)    Selling, distributing and/or conveying products not fit for their ordinary and intended use;

    (g)    Selling, distributing and/or conveying products without testing or inspection to see that they conformed to all applicable safety standards;

    (h)    Placing defective, dangerous, and unfit products into the stream of commerce;

    (i)    Offering defective, dangerous and unfit products for sale; and/or

    (j)    was other careless and negligent.

43.    As a direct and proximate result of the negligent and careless actions of R/C, the subject lithium-ion battery ignited/exploded, causing fire damage at the Patterson home, and extensive property damage, as well as other consequential and incidental damages including clean-up costs, repair, and other associated expenses.

**WHEREFORE**, Plaintiff, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, as subrogee of Jeremiah Patterson, respectfully requests that judgment be entered in their favor and against Defendant, RICK CHAMBERS d/b/a R/C HOBBIES , plus interest, delay damages, punitive damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## THIRD CAUSE OF ACTION

### (Strict Product Liability/Liability under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) against GREPOW)

44.    Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

45.    Upon information and belief, GREPOW was engaged, in the business of designing, testing, inspecting, assembling, manufacturing and distributing the subject lithium-ion battery and distributed and placed it into the stream of commerce, including but not limited to the battery purchased by Patterson on December 17, 2018.

46.    The subject lithium-ion battery, which was designed, manufactured, sold and/or distributed into the stream of commerce by GREPOW, was not modified, changed altered or abused by the Patterson family or other users at said property prior to or during its use.

47.     GREPOW knew and intended the lithium-ion battery would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said lithium-ion battery would be utilized.

48.     GREPOW designed, tested, inspected, manufactured, sold and/or distributed into the stream of commerce the subject lithium-ion battery, including its component parts, in a dangerous defective condition, which catastrophically failed due to a defect.

49.     GREPOW designed, tested, inspected, manufactured, sold and/or distributed into the stream of commerce the subject lithium-ion battery in a defective condition, unreasonably dangerous to Patterson and his property.

50.     GREPOW knew, or should have known, the subject lithium-ion battery would, and did, reach the Patterson family without substantial change in the condition in which it was originally selected and sold.

51.     The subject lithium-ion battery was not materially altered in anyway, which would affect the dangerous conditions caused and created by GREPOW.

52      The subject lithium-ion battery was unreasonably dangerous and defective at the time it left the control of GREPOW because it was:

> (a)     The lithium-ion battery and/or its component parts were defective in their design in that the lithium-ion battery did not perform safely, and in fact catastrophically failed;
>
> (b)     The lithium-ion battery was defectively designed because the risks of significant fire damage to consumers' properties far

outweigh any potential benefits derived from the lithium-ion battery design;

(c)   The lithium-ion battery was defectively designed because they were unsafe to an extent beyond that which would be contemplated by an ordinary user;

(d)   The lithium-ion battery and/or its component parts contained manufacturing defects in that the lithium-ion battery differed from the manufacturer's design or specifications or from typical units of the same product line;

(e)   The lithium-ion battery failed to adequately warn consumers of possible hazards;

(f)   The lithium-ion battery lacked proper instructions and warnings as to its use and dangers;

(g)   The lithium-ion battery and/or their component parts were designed, manufactured, and/or assembled without proper testing;

(h)   The lithium-ion battery was defective in that it caught fire for no apparent reason during its normal use;

(m)   The lithium-ion battery was improperly manufactured in such a way as to improperly regulate current traveling through lithium ion battery cells;

(n)   The lithium-ion battery was designed, manufactured and assembled with improper materials and improper electrical components;

(o)   The lithium-ion battery was improperly designed and manufactured so as to be unable to regulate the battery cells conditions; and/or

(p)   Was otherwise unreasonable dangerous.

53.     The aforementioned defects or defective conditions existed at the time the subject Lithium-ion battery left the possession and/or control of GREPOW.

54.     The defective, unreasonably dangerous and unsafe condition of the subject lithium-ion battery as aforesaid was a direct and proximate cause of the damages sustained by Plaintiff.

55.     For these reasons, GREPOW is strictly liable to Plaintiff and liable under the AEMLD.

56.     As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the subject lithium-ion battery ignited, damaging the Patterson real and personal property and the imposition of additional hardship besides, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses.

**WHEREFORE**, Plaintiff, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, as subrogee of Jeremiah Patterson, respectfully request that judgment be entered in their favor and against Defendant, GREPOW, INC., plus interest, delay damages, punitive damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

<u>**FOURTH CAUSE OF ACTION**</u>
**(Negligence versus GREPOW)**

57.     Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

58.     At all times material hereto, GREPOW had a duty to exercise reasonable care in the design, manufacture, testing, inspection and distribution of the subject lithium-ion battery and breached said duty.

59.     GREPOW breached its duty of care by, among other things, negligently, carelessly and recklessly designing, manufacturing, testing, inspecting and distributing the subject lithium-ion battery with indifference to the rights of others.

60.     The subject lithium-ion battery contained a battery which ignited while being used in the normal and ordinary purpose of the product, including charging and remote entertainment power.

61.     The ignition caused by the battery subsequently caused damage to the insured's real and personal property.

62.     At all material times, GREPOW was under a duty to use reasonable care in its distribution and/or sale of products at its store, such as the lithium-ion battery, to avoid exposing Patterson to a foreseeable risk of harm.

63.     GREPOW knew, or should have known, the lithium-ion battery sold and/or distributed were defective and/or unreasonably dangerous, posing a substantial and unjustifiable risk of fire, and that the lithium ion batteries utilized in the remote control vehicles were poorly manufactured and designed, and posed a substantial and unjustifiable risk of fire.

64.     At all relevant times, GREPOW breached its duty by one or more of the following acts or omissions:

    (a)    Failing to distribute, sell and/or otherwise place into the stream of commerce properly functioning lithium-ion batteries;

    (b)    Failing to test, inspect, and examine the lithium-ion batteries to ensure they were in working condition prior to sale and/or distribution;

    (c)    Failing to distribute and/or sell the lithium-ion batteries in a safe and working manner so as to avoid the risk of fire;

    (d)    Placing the lithium-ion batteries into the stream of commerce when Defendant knew, or should have known, that they contained defective lithium-ion battery cells, rendering them unsafe for their ordinary and expected use;

    (e)    Selling, distributing and/or conveying a defective product;

    (f)    Selling, distributing and/or conveying products not fit for their ordinary and intended use;

    (g)    Selling, distributing and/or conveying products without testing or inspection to see that they conformed to all applicable safety standards;

    (h)    Placing defective, dangerous, and unfit products into the stream of commerce;

    (i)    Offering defective, dangerous and unfit products for sale; and/or

    (j)    was other careless and negligent.

65.     As a direct and proximate result of the negligent and careless actions of GREPOW, the subject lithium-ion battery ignited/exploded, causing fire damage at the Patterson home, and extensive property damage, as well as other consequential

and incidental damages including clean-up costs, repair, and other associated expenses.

**WHEREFORE**, Plaintiff, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, as subrogee of Jeremiah Patterson, respectfully requests that judgment be entered in their favor and against Defendant, GREPOW, INC, plus interest, delay damages, punitive damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**FIFTH CAUSE OF ACTION– IMPLIED WARRANTY OF
MERCHANTABILITY**
(as to R/C)

66.     Plaintiff incorporates by reference the allegations contained in paragraph 1 through 20 of this Complaint, as though fully set forth in this Count IV.

67.     At all relevant times, Defendant R/C was a merchant of the lithium-ion battery.

68.     At the time of sale, the lithium-ion battery and its components were not of merchantable quality, and was unfit for the ordinary purpose for which it was used for one or more of the foregoing reasons:

a.     The lithium-ion battery, as well as its associated electrical circuitry and components, contained one or more manufacturing defects; and/or

b.     The lithium-ion battery, as well as its associated electrical circuitry and components, were defectively assembled in that it they did not contain a safety

mechanism that

c.      The lithium-ion battery, as well as its associated electrical circuitry and components, were defectively designed in that the circuitry could fail and ignite combustibles and thus created a substantial risk of fire.

69.      Within a reasonable time after Patterson discovered the lithium-ion battery was not of merchantable quality and was not fit for the ordinary purpose for which it would be used, R/C was notified.

70.      As a direct and proximate result of R/C'S breach of the implied warranty of merchantability, a fire originated within the lithium-ion battery, causing substantial damage to the Patterson residence and its contents.

**WHEREFORE**, Plaintiff, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, as subrogee of Jeremiah Patterson, respectfully requests that judgment be entered in their favor and against Defendant, RICK CHAMBERS d/b/a R/C HOBBIES, plus interest, delay damages, punitive damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## SIXTH CAUSE OF ACTION – EXPRESS WARRANTY
### (as to GREPOW)

71.      Plaintiff incorporates by reference the allegations contained in paragraph 1 through 20 of this Complaint, as though fully set forth in this Count VI.

72.      At all relevant times, GREPOW was the manufacturer of the subject lithium-ion battery.

73.    At the time of sale, the lithium-ion battery and its components were not of merchantable quality, and was unfit for the ordinary purpose for which it was used for one or more of the foregoing reasons:

a.    The lithium-ion battery, as well as its associated electrical circuitry and components, contained one or more manufacturing defects; and/or

b.    The lithium-ion battery, as well as its associated electrical circuitry and components, were defectively assembled in that it they did not contain a safety mechanism that

c.    The lithium-ion battery, as well as its associated electrical circuitry and components, were defectively designed in that the circuitry could fail and ignite combustibles and thus created a substantial risk of fire.

74.    GREPOW provided an express warranty for one year from the date of purchase that any of its batteries would be free of defects in both materials and workmanship.

75.    Within a reasonable time after Patterson discovered the lithium-ion battery was not of free of defects in both the materials and workmanship, GREPOW was notified.

76.    The defects within the lithium-ion battery exhibited themselves within one year of purchase.

77.    As a direct and proximate result of GREPOW'S breach of express

warranty, a fire originated within the lithium-ion battery, causing substantial damage to the Patterson residence and its contents.

WHEREFORE, Plaintiff, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, as subrogee of Jeremiah Patterson, respectfully requests that judgment be entered in their favor and against Defendant GREPOW, INC., plus interest, delay damages, punitive damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## **JURY DEMAND**

78.    Plaintiff demands a trial by jury as to all claims so triable.

Respectfully submitted,

/s/ *John W. Scott*

John W. Scott
Christian C. Feldman
Attorneys for Plaintiff

**OF COUNSEL:**
Scott Dukes & Geisler, P.C.
211 22nd Street North
Birmingham, Alabama  35203
Telephone: (205) 251-2300
Fax: (205) 251-6773
Email:      jscott@scottdukeslaw.com
                cfeldman@scottdukeslaw.com

Brad M. Gordon (to be admitted *pro hac vice*)
GROTEFELD HOFFMANN GORDON OCHOA & EVINGER LLP
311 S. Wacker Drive, Suite 1500
Chicago, IL 60610
Telephone: (312) 551-0200
Facsimile: (312) 601-2402

Email:      bgordon@ghlaw-llp.com

**Defendant to be Served by Special Process Server:**

Rick Chambers
d/b/a R/C Hobbies
3303 Meridian Street North
Huntsville, Alabama 35811

**Serve Defendant by Certified Mail at:**

Grepow, Inc.
c/o Xia Hong
6681 Sierra Lane
Suite F
Dublin, California  94568