# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, as Subrogee of Jeremiah Patterson,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **CASE NUMBER: 5:21-CV-01107-HNJ** |
| **v.** | ) ) | |
| **RICK CHAMBERS d/b/a R/C HOBBIES and GREPOW, INC.** | ) ) ) | |
| **Defendants.** | ) | |

## ANSWER TO COMPLAINT

**COMES NOW** the Defendant designated as Grepow, Inc., by and through its undersigned counsel, and for Answer and response to the Complaint filed against it by the Plaintiff in the above styled cause, states and responds as follows:

## PARTIES

1.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, denies same.

2.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 2 of Plaintiff's Complaint and, therefore, denies same.

3.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 3 of Plaintiff's Complaint and, therefore, denies same.

4.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 4 of Plaintiff's Complaint and, therefore, denies same.

5.     Admitted.

6.     Admitted.

7.     Defendant denies that it had an employment or agency relationship with any of the Co-Defendants. Defendant otherwise lacks sufficient knowledge or information by which to admit the remaining allegations in paragraph 7 of Plaintiff's Complaint and, therefore, denies same.

## **JURISDICTION**

8.     Defendant lacks sufficient knowledge or information by which to admit the allegations set forth in paragraph 8 of Plaintiff's Complaint and therefore, denies same.

9.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 9 of Plaintiff's Complaint and, therefore, denies same.

10.     Admitted.

## VENUE

11.     Admitted as to this Defendant. Defendant otherwise lacks sufficient knowledge or information by which to admit the allegations set forth in paragraph 11 of Plaintiff's Complaint as it relates to the other parties and, therefore, denies same.

## COMMON ALLEGATIONS

12.     Defendant lacks sufficient knowledge or information by which to admit the allegations set forth in paragraph 12 of Plaintiff's Complaint and, therefore, denies same.

13.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 13 of Plaintiff's Complaint and, therefore, denies same.

14.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 14 of Plaintiff's Complaint and, therefore, denies same.

15.    Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 15 of Plaintiff's Complaint and, therefore, denies same.

16.    Admitted insofar as a receipt which has been produced by Plaintiff's counsel.

17.    Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 17 of Plaintiff's Complaint and, therefore, denies same.

18.    Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 18 of Plaintiff's Complaint and, therefore, denies same.

19.    Defendant denies that its battery spontaneously ignited and caused a fire absent some external input. Defendant otherwise lacks sufficient knowledge or information by which to admit the remaining allegations set forth in paragraph 19 of Plaintiff's Complaint as it relates to the Co-Defendant and, therefore, denies same.

20.    Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 20 of Plaintiff's Complaint and, therefore, denies same.

21.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 21 of Plaintiff's Complaint and, therefore, denies same.

## FIRST CAUSE OF ACTION

### (Strict Product Liability/Liability under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) Against R/C)

22.     Defendant adopts and incorporates as if specifically set forth herein each of the averments contained in the preceding paragraphs.

23.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 23 of Plaintiff's Complaint and, therefore, denies same.

24.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 24 of Plaintiff's Complaint and, therefore, denies same.

25.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 25 of Plaintiff's Complaint and, therefore, denies same.

26.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 26 of Plaintiff's Complaint and, therefore, denies same.

27.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 27 of Plaintiff's Complaint and, therefore, denies same.

28.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 28 of Plaintiff's Complaint and, therefore, denies same.

29.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 29 of Plaintiff's Complaint and, therefore, denies same.

30.     Defendant denies that its battery was unreasonably dangerous and defective when it left the control of this Defendant. Defendant otherwise lacks sufficient knowledge or information by which to admit the condition of the battery when it left control of the Co-Defendant.

(a)     Denied.

(b)     Denied.

(c)     Denied.

(d)     Denied.

(e)     Denied.

(f)     Denied.

(g)     Denied.

(h)     Denied.

(i)     Denied.

(j)     Denied.

(k)     Denied.

(l)     Denied.

31.     Defendant lacks sufficient knowledge and information about the condition of the battery when it left possession and control of R/C and, therefore, denies same.

32.     Defendant denies that its battery was in an unreasonably dangerous and unsafe condition at the time it left the custody and control of this Defendant.

33.     Denied in that Alabama does not recognize a cause of action for strict liability in a products liability context. Defendant otherwise lacks sufficient knowledge or information by which to admit the remaining allegations set forth in paragraph 33 of Plaintiff's Complaint as it relates to Plaintiff's cause of action under the AEMLD.

34.     Defendant denies that its battery was defective or was unreasonably dangerous at the time it left the custody and control of this Defendant. Defendant otherwise lacks sufficient knowledge or information by which to admit the allegations set forth in paragraph 34 of Plaintiff's Complaint and, therefore, denies same.

**WHEREFORE**, Defendant would respectfully request judgment be entered in its favor and against the Plaintiff. Defendant specifically denies that Plaintiff has a claim for interest, delayed damages, punitive damages or any other such relief under the facts alleged in its Complaint.

## SECOND CAUSE OF ACTION

### (Negligence/R/C)

35.     Defendant adopts and incorporates as if specifically set forth herein each of the averments contained in the preceding paragraphs.

36.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 36 of Plaintiff's Complaint and, therefore, denies same.

37.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 37 of Plaintiff's Complaint and, therefore, denies same.

38.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 38 of Plaintiff's Complaint and, therefore, denies same.

39.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 39 of Plaintiff's Complaint and, therefore, denies same.

40.    Defendant denies that its battery was defective and unreasonably dangerous at the time it left this Defendant's custody and control and, therefore, denies that it posed a substantial and unjustifiable risk of fire. Defendant otherwise lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 40 of Plaintiff's Complaint and, therefore, denies same.

41.    Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 41 of Plaintiff's Complaint and, therefore, denies same.

42.    Defendant denies that its battery was defective and unreasonably dangerous when it left the custody and control of this Defendant. Defendant otherwise lacks sufficient knowledge or information by which to admit the remaining allegations set forth in paragraph 42 of Plaintiff's Complaint and, therefore, denies same.

43.    Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 43 of Plaintiff's Complaint and, therefore, denies same.

**WHEREFORE**, Defendant would respectfully request judgment be entered in its favor and against the Plaintiff. Defendant specifically denies that Plaintiff has a claim for interest, delayed damages, punitive damages or any other such relief under the facts alleged in its Complaint.

## THIRD CAUSE OF ACTION

## (Strict Product Liability/Liability under the Alabama Extended

## Manufacturer's Liability Doctrine (AEMLD) Against Grepow)

44.     Defendant adopts and incorporates as if specifically set forth herein each of the averments contained in the preceding paragraphs.

45.     Admitted.

46.     Defendant lacks sufficient knowledge and information by which to admit the allegations contained in paragraph 46 of Plaintiff's Complaint and, therefore, denies same.

47.     Admitted, generally.

48.     Defendant denies that its battery was in a dangerous or defective condition when it left this Defendant's custody and control. Defendant otherwise admits the remaining allegations set forth in paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies that its battery was in a dangerous or defective condition when it left this Defendant's custody and control. Defendant otherwise admits the remaining allegations set forth in paragraph 49 of Plaintiff's Complaint.

50.     Defendant lacks sufficient knowledge or information by which to admit the allegations set forth in paragraph 50 of Plaintiff's Complaint and, therefore, denies same.

51.     Defendant denies that its battery was defective or unreasonably dangerous when it left this Defendant's custody and control. Defendant otherwise lacks sufficient knowledge or information by which to admit the remaining allegations set forth in paragraph 51 of Plaintiff's Complaint and, therefore, denies same.

52.     Defendant denies that the subject battery was unreasonably dangerous and defective when it left the custody and control of this Defendant.

(a)     Denied.

(b)     Denied.

(c)     Denied.

(d)     Denied.

(e)     Denied.

(f)     Denied.

(g)     Denied.

(h)     Denied.

(i)     Denied.

(j)     Denied.

(k)     Denied.

(l)     Denied.

(m)     Denied.

(n)     Denied.

(o)     Denied.

(p)     Denied.

53.     Denied.

54.     Defendant denies that its battery was defective, unreasonably dangerous or in an unsafe condition when it left the custody and control of this Defendant. Therefore, Defendant denies that the battery, alone, caused damages claimed by the Plaintiff.

55.     Defendant denies a cause of action in Alabama for strict liability in a products liability context. Defendant denies that it is liable to the Plaintiff under the AEMLD.

56.     Defendant denies that its battery was defective and unreasonably dangerous when it left the custody and control of this Defendant. Defendant otherwise lacks sufficient knowledge or information by which to admit the remaining allegations set forth in paragraph 56 of Plaintiff's Complaint and, therefore, denies same.

**WHEREFORE**, Defendant would respectfully request judgment be entered in its favor and against the Plaintiff. Defendant specifically denies that Plaintiff has a claim for interest, delayed damages, punitive damages or any other such relief under the facts alleged in its Complaint.

## FOURTH CAUSE OF ACTION

### (Negligence v. Grepow)

57.     Defendant adopts and incorporates as if specifically set forth herein each of the averments contained in the preceding paragraphs.

58.     Defendant admits that it had a duty to exercise reasonable care as alleged in paragraph 58 of Plaintiff's Complaint. Defendant denies that it breached said duty.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Admitted as it relates to the sale and distribution of products. Defendant denies that the product was sold from its store to the Plaintiff's subrogor, Patterson, however.

63.     Defendant denies that its battery was defective and/or unreasonably dangerous when it left the custody and control of this Defendant. Defendant denies that its battery was poorly manufactured and designed. Defendant denies that it battery posed a substantial and unjustifiable risk of fire when it left this Defendant's custody and control.

64.     Defendant denies that it breached any duty which may be owing to the Plaintiff.

(a)     Denied.

(b)     Denied.

(c)     Denied.

(d)     Denied.

(e)     Denied.

(f)     Denied.

(g)     Denied.

(h)     Denied.

(i)     Denied.

(j)     Denied.

65.     Defendant denies that it was negligent and/or careless with regard to the subject battery. Defendant otherwise lacks sufficient knowledge or information by which to admit the remaining allegations set forth in paragraph 65 of Plaintiff's Complaint and, therefore, denies same. Defendant specifically denies the Plaintiff's claimed consequential and incidental damages.

**WHEREFORE**, Defendant would respectfully request judgment be entered in its favor and against the Plaintiff. Defendant specifically denies that Plaintiff has a claim for interest, delayed damages, punitive damages or any other such relief under the facts alleged in its Complaint.

## FIFTH CAUSE OF ACTION

### (Implied Warranty of Merchantability (as to R/C))

66.     Defendant adopts and incorporates as if specifically set forth herein each of the averments contained in the preceding paragraphs.

67.     Admitted upon information and belief.

68.     Defendant lacks sufficient knowledge and information by which to admit the allegations set forth in paragraph 68 of Plaintiff's Complaint and, therefore, denies same.

(a)     Denied.

(b)     Denied.

(c)     Denied.

69.     Defendant lacks sufficient knowledge and information by which to admit the allegations set forth in paragraph 69 of Plaintiff's Complaint and, therefore, denies same.

70.     Defendant lacks sufficient knowledge and information by which to admit the allegations set forth in paragraph 70 of Plaintiff's Complaint and, therefore, denies same.

**WHEREFORE**, Defendant would respectfully request judgment be entered in its favor and against the Plaintiff. Defendant specifically denies that Plaintiff has

a claim for interest, delayed damages, punitive damages or any other such relief under the facts alleged in its Complaint.

## SIXTH CAUSE OF ACTION

### (Express Warranty (as to Grepow))

71.     Defendant adopts and incorporates as if specifically set forth herein each of the averments contained in the preceding paragraphs.

72.     Admitted.

73.     Denied as it relates to Defendant's sale of the battery to the Co-Defendant.

(a)     Denied.

(b)     Denied.

(c)     Denied.

74.     Defendant is presently unable to admit or deny the allegations set forth in paragraph 74 of Plaintiff's Complaint and, therefore, denies same.

75.     Defendant denies that its battery was defective in either the materials or workmanship when it left the custody and control of this Defendant. Defendant further denies that it was ever notified of any such alleged defects.

76.     Denied.

77.     Denied.

**WHEREFORE**, Defendant would respectfully request judgment be entered in its favor and against the Plaintiff. Defendant specifically denies that Plaintiff has a claim for interest, delayed damages, punitive damages or any other such relief under the facts alleged in its Complaint.

Defendant, for further Answer and response to Plaintiff's Complaint, sets forth the following separate and several defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each claim set forth therein fails to state a claim against these Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant avers that the Plaintiff or others misused and/or abused the product and that this misuse and/or abuse was the proximate cause of the Plaintiff's claimed injuries and damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff and/or Plaintiff's subrogor failed to take steps to mitigate claimed damages.

## FOURTH AFFIRMATIVE DEFENSE

Defendant avers that the Plaintiff's subrogor or others failed to follow the instructions and/or warnings for the use of the product and that this failure was the proximate cause of the claimed damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendant avers that the product was modified, altered, tampered with and/or changed by the Plaintiff's subrogor or others, after it was sold and, that these modifications to the product were the proximate cause of Plaintiff's claimed damages.

## SIXTH AFFIRMATIVE DEFENSE

Defendant avers that the subject battery complied with all state, federal and industry safety regulations at the time it was sold.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant avers that the Plaintiff's claimed damages were proximately caused by negligence of its subrogor or others and, as a result, Plaintiff's claims are barred by this contributory negligence and/or superseding/intervening negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant avers that the acts or omissions of a third-party over whom this Defendant neither controlled nor had the right to control constitute intervening and superseding acts which proximately caused Plaintiff's claimed damages and for which this Defendant cannot be held liable.

## NINTH AFFIRMATIVE DEFENSE

Defendant allege that punitive damages may not be awarded as an award of punitive damages would violate the Eighth Amendment to the United States

Constitution.

## TENTH AFFIRMATIVE DEFENSE

Neither Plaintiff nor its subrogor was in privity with this Defendant for the manufacture, inspection, distribution, marketing or sale of the subject product, therefore it does not have standing to assert a breach of contract claim.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was not an identified third-party beneficiary of any contract between this Defendant or any third-parties for the manufacture, inspection, distribution, marketing or sale of the subject product, therefore it does not have standing to assert a breach of contract claim.

## TWELFTH AFFIRMATIVE DEFENSE

The design of the subject product was the state of the art. Therefore, Plaintiff's claims are barred as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or its subrogor assumed the risk when the battery was used  on the occasion of the incident under the circumstances which existed at that time.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Defendant pleads the No Causal Relation Defense and alleges that there is no causal relationship between the Defendant's acts or omissions and the incident alleged in the Complaint. Therefore, Plaintiff is barred from recovering any damages

from this Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant pleads spoliation of crucial evidence.

## SIXTEETH AFFIRMATIVE DEFENSE

The spoliation of evidence has irreparably prejudiced this Defendant from defending the allegations set forth in Plaintiff's Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant pleads the applicable statute of limitations as a bar to Plaintiff's Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend and/or supplement its Answer should discovery reveal new or other available defenses.

## JURY DEMAND

Defendant joins in Plaintiff's demand for a trial by jury as to all claims which are triable.

/s/Thomas Coleman, Jr.
Thomas Coleman, Jr.
Attorney for Defendant, Grepow, Inc.
Smith, Spires, Peddy, Hamilton & Coleman
3500 Colonnade Parkway – Suite 350
Birmingham, Alabama 35243

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of November, 2021 I electronically filed the foregoing document with the Federal Court CM/ECF Filing which will send notification of such filing to the following email addresses:

John W. Scott
Christian C. Feldman
SCOTT DUKES & GEISLER, PC
211 22nd Street North
Birmingham, AL 35203

Brad M. Gordon
GROTEFELD HOFFMANN GORDON OCHOA & EVINGER LLP
311 S. Wacker Drive, Suite 1500
Chicago, IL 60610

Thomas E. Bazemore, III
Gordon J. Brady, III
Hillary Fisher
HUIE, FENAMBUCQ AND STEWART, LLP
3291 U.S. Highway 280, Suite 200
Birmingham, AL 35243-4109

/s/Thomas Coleman, Jr.
OF COUNSEL